UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BRUCE DARNELL COLLETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CV-126-TAV-HBG |
| KNOX COUNTY and KNOX COUNTY CRIMINAL COURT DIVISION 3, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint for relief under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**. Plaintiff's complaint, however, will be **DISMISSED** for failure to state a claim.

**I.    FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [*id.*] will be **GRANTED**.

Because Plaintiff is incarcerated in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial

partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10), until the full filing fee of three hundred fifty dollars ($350) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Knox County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act ("PLRA") relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum and order to the Court's financial deputy.

## II.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28

U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

### III. ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint alleges that, in October 2013, he "submitted" to a seven-year sentence with the Tennessee Department of Correction to which the criminal court judge stated she would credit 967 days [Doc. 1 p. 3]. On March 2, 2015, Plaintiff was released on parole, but he is now back in the custody of the Tennessee Department of Correction ("TDOC") [*Id.*]. As of March 27, 2017, Plaintiff's sentence expiration date was February 20, 2020 [*Id.*]. Accordingly, despite the criminal court judge's statement that 967 days would be credited toward Plaintiff's sentence, which would be contained in the criminal

court record, the credit for those 967 days was not entered into the judgment [*Id.*]. Knox County has stated that these days will show up, that Plaintiff should not worry, and that it is a TDOC issue [*Id.* at 2]. Plaintiff's attorney did not respond to his or his family's attempt to contact him [*Id.*]. Plaintiff has sued Knox County and Knox County Criminal Court Division 3 [*Id.* at 3].

## IV. LEGAL ANALYSIS

First, it is apparent from the complaint that Plaintiff does not assert that his sentence has been miscalculated, but rather that the judgment entered by the criminal court did not contain the terms that Plaintiff expected it to contain based on the statements of the underlying criminal court judge. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

The *Heck* rule extends to claims for injunctive relief where a favorable judgment would necessarily imply the invalidity of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Thus, any such claim must be asserted under 28 U.S.C. § 2254. *See id*. at 78 (noting that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement but instead must seek federal habeas corpus relief"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a claim attacking the duration of a state prisoner's confinement must be raised in a § 2254 petition); *Allen v. Campbell*, No. 98-6595194, 1999 WL 1000833, at *1 (6th Cir. Oct. 28, 1999) (holding that a § 2254 proceeding was the proper action in which to address a claim that state sentence reduction credits have been misapplied).

Also, Plaintiff has only sued Defendants Knox County and Knox County Criminal Court Division 3. A state court, however, is not an entity that is subject to suit under § 1983. Specifically, state courts are not individuals or "bodies politic and corporate" and, thus, are not a "persons" who may be sued under § 1983. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (holding that "[a] state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute"); *Russell v. Juvenile*

*Court of Kingsport, Tenn.*, No. 2:15-CV-13, 2015 WL 3506523, at *4 (E.D. Tenn. June 3, 2015) (finding that a state juvenile court is not a person subject to suit under § 1983) (citing *Mumford*, 105 F.3d at 268). Further, Plaintiff does not set forth any allegations of a custom or policy underlying his claims as required to state a claim against a municipality such as Knox County. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes the constitutional rights violation).

Accordingly, even liberally construing the complaint in favor of Plaintiff, the complaint fails to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk will be **DIRECTED** to update the Court's docket to include Knox County as a Defendant;

2. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

3. Plaintiff will be **ASSESSED** the civil filing fee;

4. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit payments toward the filing fee to the Clerk in the manner set forth above;

5. The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Sheriff of Knox County and the Court's financial deputy; and

6. The complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE